Filed 5/2/14  In re O.C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE O.C., a Person Coming Under the Juvenile Court Law. | H039645 (Monterey County Super. Ct. No. J47047) |
| THE PEOPLE, Plaintiff and Respondent, v. O.C., Defendant and Appellant. | |

## I.    INTRODUCTION

The minor, O.C., appeals from the juvenile court's Welfare and Institutions Code section 602, subdivision (a) dispositional order, which followed the minor's admission to misdemeanor battery (Pen. Code, § 242).  The juvenile court placed the minor on probation with conditions that included:  (1) a requirement that the minor not change his place of residence from Monterey County or leave the state without permission of the court or the probation officer; (2) a requirement that the minor not associate with any individuals known to be disapproved of by his parents or guardians; and (3) an 8:00 p.m. curfew.

On appeal, the minor challenges the three probation conditions listed above, claiming they are overbroad and/or vague. We will modify the challenged probation conditions and affirm the judgment as modified.[1]

## II. BACKGROUND

### A. Charged Offense[2]

On the evening of February 15, 2013, officers responded to the apartment where the minor lived with his mother, sister, and grandmother. The mother stated that she and the minor had argued. During the argument, the minor had grabbed her by the arm and slammed her down into a chair. The minor had previously shown violent behavior in the home—he had punched holes in the wall and damaged the front door. The mother believed that the minor suffered from an emotional disturbance. She did not feel safe with him in the home.

The minor admitted that he had shoved his mother and pushed her into a chair, but he claimed that his mother had shoved him first. He also claimed that during a separate incident, his grandmother had struck him with a broken wooden chair leg. His mother and grandmother had called him names, angering him. He had knocked down his grandmother's television and stabbed a butter knife into a table.

### B. Petition, Admission, and Disposition

On March 12, 2013, the District Attorney filed a second amended Welfare and Institutions Code section 602, subdivision (a) petition alleging four counts of

---

[1] In a letter dated April 1, 2014, appellate counsel stated that the minor's appeal is moot because the minor is no longer on juvenile probation and therefore not subject to the challenged probation conditions. Appellate counsel did not request dismissal of the appeal, but she did request that the case be taken off oral argument. We are exercising our discretion to reach the merits of the issues on appeal for the guidance of the trial court because the issues are likely to recur. (See *In re R.V.* (2009) 171 Cal.App.4th 239, 245-246; *In re Sheena K.* (2007) 40 Cal.4th 875, 879.)

[2] The facts of the charged offense are taken from the probation report.

misdemeanor battery (Pen. Code, § 242). The minor admitted one count of the petition on April 23, 2013. The District Attorney moved to dismiss the other three counts.

At the May 8, 2013 disposition hearing, the juvenile court declared the minor a ward of the court. It found that continuing to allow him to remain in the home of his parent was contrary to his welfare, that reasonable efforts had been made to prevent removal, and that emergency conditions required his immediate removal from the home. The court found that removal was in the minor's best interest. It committed the minor to the care, custody, and control of the probation department for an out-of-home placement. The juvenile court also adopted all of the recommended terms and conditions of probation. Those conditions included the following:

"4. You are not to change your place of residence from Monterey County or leave this state without permission of the Court or Probation Officer. Prior to change of residence, you are to notify your Probation Officer of the new address. Report each new address and phone number to your Probation Officer within 24 hours."

"13. You are not to associate with any individuals known to be disapproved of by your parents or guardians. You shall not associate/communicate with any individuals identified by your Probation Officer as a threat to your successful completion of probation. You are not to associate with any individuals known by you to be on Probation or Parole (adult or juvenile)."

"20. You are to obey 8:00 P.M. curfew. You are not to be out of your home between the above listed times without approval of your Probation Officer."

### C.    *Post-Disposition*

The minor filed a notice of appeal on May 10, 2013.

According to a probation department memorandum dated June 18, 2013, the minor was still housed at juvenile hall. He had not been accepted into two programs and had referrals pending at two other programs.

3

The probation officer filed another memorandum on July 3, 2013. At that point, five programs had found the minor not appropriate. Two other programs had waiting lists of eight weeks or more. Because of these circumstances, the Interagency Placement Committee had proposed that the minor be placed "on Wraparound." Two meetings had been held and, after a third meeting scheduled for July 9, 2013, the minor would be released "to Wraparound."

On July 10, 2013, the probation officer filed a memorandum stating that the minor had been released from juvenile hall into the Wraparound program. On July 11, 2013, the juvenile court held a review hearing and indicated that the permanent plan was for the minor to remain at home.

### III.    DISCUSSION

The minor challenges the three above-listed probation conditions as unconstitutionally overbroad and/or vague.

#### A.    *General Legal Principles*

Before addressing the minor's specific contentions, we review some of the legal principles guiding our review.

#### 1.    **Probation Conditions for Minors**

"The California Legislature has given trial courts broad discretion to devise appropriate conditions of probation, so long as they are intended to promote the 'reformation and rehabilitation' of the probationer. (Pen. Code, § 1203.1, subd. (j).)" (*In re Luis F.* (2009) 177 Cal.App.4th 176, 188.) The juvenile court "may make any reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor or nonminor, including medical treatment, subject to further order of the court." (Welf. & Inst. Code, § 727, subd. (a)(1).) "The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf.

4

& Inst. Code, § 730, subd. (b).)  In fashioning conditions of probation, the juvenile court considers " 'not only the circumstances of the crime but also the minor's entire social history.' " (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1500, disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2, 983-984, fn. 13.)

"[Welfare and Institutions Code s]ection 730 grants courts broad discretion in establishing conditions of probation in juvenile cases.  [Citation.]  '[T]he power of the juvenile court is even broader than that of a criminal court.' " (*In re Christopher M.* (2005) 127 Cal.App.4th 684, 692, disapproved on another ground in *People v. Gonzales* (2013) 56 Cal.4th 353, 375, fn. 6; see also *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941 ["juvenile conditions may be broader than those pertaining to adult offenders"].)  "In distinguishing between the permissible exercise of discretion in probationary sentencing by the juvenile court and that allowed in 'adult' court, [our State Supreme Court has] advised that, '[a]lthough the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment. . . ."  [¶]  In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).)

### 2.    Overbreadth and Vagueness

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.  [Citation.]" (*Sheena K., supra,* 40 Cal.4th at p. 890.)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness.  [Citation.]" (*Ibid.*)

### B.      *Change of Residence Condition*

The minor first challenges probation condition No. 4, which provides:  "You are not to change your place of residence from Monterey County or leave this state without permission of the Court or Probation Officer.  Prior to change of residence, you are to notify your Probation Officer of the new address.  Report each new address and phone number to your Probation Officer within 24 hours."

The minor contends the first sentence of this condition is unconstitutionally overbroad.  He argues that the condition limits his right to travel and freedom of association "without narrowly tailoring it to the purposes of reformation and rehabilitation."  He contends the condition gives the probation officer "excessive power to proscribe where [the minor] may live" and that the condition "effectively impinges on his custodial parent's constitutional rights as well."  The minor requests we strike the condition.[3]

### 1.      Forfeiture

The Attorney General contends that the minor may not raise this issue on appeal because it "is not merely one concerning the general applicability of a condition of probation, but is instead an issue inexorably bound up in the facts of this particular case."

The forfeiture rule does not apply when a minor challenges a probation condition "as facially vague and overbroad," at least insofar as the claim "presents an asserted error that is a pure question of law, easily remediable on appeal by modification of the condition."  (*Sheena K., supra,* 40 Cal.4th at p. 888.)  However, this exception "does not apply in every case in which a probation condition is challenged on a constitutional

---

[3] The California Supreme Court is considering a challenge to a similar probation condition in *People v. Schaeffer* (2012) 208 Cal.App.4th 1, rev. granted Oct. 31, 2012, S205260 (*Schaeffer*).  The condition in *Schaeffer* required the defendant to " '[r]eside at a residence approved by the Probation Officer and not move without his/her prior approval.' "  (*Id*. at p. 4.)

6

ground" because " 'there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' " (*Id.* at p. 889.)

In his reply brief, the minor reiterates that he is only challenging the probation condition "on its face" and requests this court consider his claim. Having reviewed the minor's briefing, we agree that he makes a purely facial challenge, without reference to the record, and thus find that his claim is not forfeited.

### 2. Analysis

In claiming neither the juvenile court nor the probation officer should have the ability to restrict his choice of residence, the minor relies primarily on *People v. Bauer* (1989) 211 Cal.App.3d 937 (*Bauer*). In *Bauer*, the court struck an adult's probation condition requiring that his "residence be subject to his probation officer's approval." (*Id.* at p. 943.) The *Bauer* court first held that the probation condition could not stand because there was nothing in the record "suggesting in any way that appellant's home life . . . contributed to the crime of which he was convicted or is reasonably related to future criminality" and "and because residing with one's parents relates to conduct not in itself criminal." (*Id.* at p. 944, fn. omitted; see *People v. Lent* (1975) 15 Cal.3d 481, 486.)

The *Bauer* court also found that the probation condition was "all the more disturbing" because it impinged on the defendant's right to travel and freedom of association. (*Bauer, supra,* 211 Cal.App.3d at p. 944.) "Rather than being narrowly tailored to interfere as little as possible with these important rights, the restriction is extremely broad. The condition gives the probation officer the discretionary power, for example, to forbid appellant from living with or near his parents—that is, the power to banish him." (*Ibid.*)

Unlike the *Bauer* condition, the condition here does not potentially require the minor to leave his family home, as it merely requires approval of a *change of residence.* There is no risk of banishment. Further, this condition is closely tailored to its purpose. When a minor is placed on probation, the probation officer must know where he or she is residing and must have some degree of control over the minor's residence in order to properly supervise and aid in his or her rehabilitation. Particularly in a case like this, where the minor's ultimate placement was subject to very specific requirements (i.e., Wraparound services), it is also necessary for the juvenile court to approve a change of residence to ensure that the new residence is appropriate for the minor's rehabilitation.

The minor further claims that this probation condition is improper because it does not provide a meaningful standard for determining whether a change of residence is appropriate. The minor relies on *People v. O'Neil* (2008) 165 Cal.App.4th 1351 (*O'Neil*), where a probation condition ordered the defendant not to associate " 'with any person, as designated by your probation officer.' " (*Id.* at p. 1354.) The First District Court of Appeal held that the condition was flawed because there were "no limits on those persons whom the probation officer may prohibit defendant from associating with." (*Id.* at p. 1357.) As the condition did not provide "a meaningful standard," the court instructed the trial court to either strike the condition or rewrite it "to provide the necessary specificity." (*Id.* at pp. 1357, 1359.)

Here, it is true that the residence condition did not contain any type of standard for determining whether a change of residence should be approved. However, whereas the *O'Neill* court was concerned that the probation officer could impose arbitrary restrictions, here the probation condition requires the approval of *either* the probation officer or the court. We believe the minor's concerns are addressed by the fact that the minor may seek *court* approval for any change of residence, if the probation officer withholds his or her permission for a requested move.

Finally, we address the minor's claim that the change-of-residence condition is overbroad because it infringes on his parents' ability to change residences. While this is true, we believe the condition is reasonably necessary to ensure the minor's compliance with the terms of his probation. The challenged probation condition only requires permission from the court or probation officer for an out-of-county or out-of-state move; neither the minor nor his parents are required to get prior permission for a move within Monterey County. However, for clarity, we will modify the condition to specify it does not prohibit the minor's parents themselves from moving without the court's prior approval.

For the above reasons, we will modify probation condition No. 4 to provide: "You are not to change your place of residence from Monterey County or leave this state without permission of the Court or Probation Officer. Prior to change of residence, you are to notify your Probation Officer of the new address. Report each new address and phone number to your Probation Officer within 24 hours. Nothing in this provision shall prohibit minor's parents from changing their residence without prior approval of the Court or Probation Officer; however, prior approval is required for a change in the minor's residence."

### C.    Association Condition

The minor next challenges probation condition No. 13, which provides: "You are not to associate with any individuals known to be disapproved of by your parents or guardians. You shall not associate/communicate with any individuals identified by your Probation Officer as a threat to your successful completion of probation. You are not to associate with any individuals known by you to be on Probation or Parole (adult or juvenile)."

The minor challenges this condition as both unconstitutionally overbroad and vague. His claim concerns the first two sentences of the condition. The minor acknowledges that the first sentence refers to " 'individuals *known to be* disapproved of

9

by your parent our guardians,' " but asserts that the condition should specify *to whom* the disapproved individuals must be known. He makes a similar argument concerning the second sentence's use of the phrase "individuals identified by your Probation Officer."

The minor relies on *In re H.C.* (2009) 175 Cal.App.4th 1067, a decision of this court in which a juvenile challenged a probation condition requiring that he " 'not associate with any known probationer, parolee, or gang member.' " (*Id.* at p. 1071.) In that case, this court reasoned that as the condition was phrased, "The identity of a person who has knowledge is unknown because it is in the passive voice." (*Ibid.*) This court modified the condition to provide: " 'You H.C. will not associate with any person known to you to be on probation, on parole or a member of a criminal street gang.' " (*Id.* at p. 1072.)

The minor also relies on *People v. Lopez* (1998) 66 Cal.App.4th 615, where the defendant challenged a probation condition that prohibited him from wearing or possessing " 'any item of identified gang clothing' " and from displaying " 'any gang insignia, moniker, or other markings of gang significance on his/her person or property as may be identified by Law Enforcement or the Probation Officer.' " (*Id.* at p. 622.) The court noted that as phrased, "Lopez was subject to being charged with an unwitting violation of the condition because nothing in it required the police or the probation office to apprise Lopez of the 'identified' items of gang dress before he was charged with a violation." (*Id.* at p. 634.) The court remanded the matter so the trial court could reconsider "whether the phrase 'identified by law enforcement or the probation officer' should remain" in the condition. (*Id.* at p. 638.)

The Attorney General has no objection to the proposed modifications. Therefore we will order probation condition No. 13 modified as the minor requests, to provide: "You are not to associate with any individuals known by you to be disapproved of by your parents or guardians. You shall not associate/communicate with any individuals identified to you by your Probation Officer as a threat to your successful completion of

10

probation. You are not to associate with any individuals known by you to be on Probation or Parole (adult or juvenile)."

### D. *Curfew Condition*

Finally, the minor challenges probation condition No. 20, which provides: "You are to obey 8:00 P.M. curfew. You are not to be out of your home between the above listed times without approval of your Probation Officer."

The minor contends that this condition is unconstitutionally vague "because it does not tell [him] when his curfew ends each morning." The minor suggests the probation condition could be modified to include an ending time of 6:00 a.m. He notes that Welfare and Institutions Code section 729.2, subdivision (c) requires juvenile probation conditions include the following: "Require the minor to be at his or her legal residence between the hours of 10:00 p.m. and 6:00 a.m. unless the minor is accompanied by his or her parent or parents, legal guardian or other adult person having the legal care or custody of the minor."

The Attorney General agrees that the probation condition is vague and suggests we remand the matter so the juvenile court can set an ending time. The Attorney General does not specifically object to our modification of the condition to include a 6:00 a.m. ending time. In the interests of judicial economy and with the guidance of Welfare and Institutions Code section 729.2, we will modify the condition as requested by the minor to provide as follows: "You are to obey 8:00 P.M. curfew. You are not to be out of your home between 8:00 p.m. and 6:00 a.m. without approval of your Probation Officer."

## IV. DISPOSITION

Probation condition No. 4 is modified to provide: "You are not to change your place of residence from Monterey County or leave this state without permission of the Court or Probation Officer. Prior to change of residence, you are to notify your Probation Officer of the new address. Report each new address and phone number to your

Probation Officer within 24 hours.  Nothing in this provision shall prohibit minor's parents from changing their residence without prior approval of the Court or Probation Officer; however, prior approval is required for a change in the minor's residence."

Probation condition No. 13 is modified to provide:  "You are not to associate with any individuals known by you to be disapproved of by your parents or guardians.  You shall not associate/communicate with any individuals identified to you by your Probation Officer as a threat to your successful completion of probation.  You are not to associate with any individuals known by you to be on Probation or Parole (adult or juvenile)."

Probation condition No. 20 is modified to provide as follows:  "You are to obey 8:00 P.M. curfew.  You are not to be out of your home between 8:00 p.m. and 6:00 a.m. without approval of your Probation Officer."

With these modifications, the judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:


_____
MIHARA, J.


_____
GROVER, J.

12