211 Cal.App.3d 937 (1989)
260 Cal. Rptr. 62
THE PEOPLE, Plaintiff and Respondent,
v.
MARK ANTHONY BAUER, Defendant and Appellant.
Docket No. A040940.
Court of Appeals of California, First District, Division Two.
June 23, 1989.
*939 COUNSEL
Mark Anthony Bauer, in pro. per., and Joseph Allen for Defendant and Appellant.
John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Matthew P. Boyle, Deputy Attorneys General, for Plaintiff and Respondent.
[Opinion certified for partial publication.[*]]
OPINION
KLINE, P.J. 

STATEMENT OF THE CASE
The District Attorney of San Mateo County charged Mark Anthony Bauer, the appellant, with six offenses. Count 1 alleged kidnapping (§ 207);[1] counts 2 and 3 alleged assault with a firearm (§ 245, subd. (a)(2)); count 4 charged possession of brass knuckles (§ 12020, subd. (a)); count 5 alleged false imprisonment (§ 236); and count 6 alleged burglary with the intent to kidnap (§ 459). In addition, counts 1, 2 and 3 included special allegations of personal use of a firearm, threat of great bodily harm, and furnishing a *940 firearm to another for the purpose of aiding and abetting a felony. (§§ 12022.5, 1203.06, subd. (a)(1), 12022.4.) Codefendant Norman Saunders was charged with the same crimes, but tried separately.
Appellant pleaded not guilty and denied the enhancement allegations. A jury found him guilty of false imprisonment and simple assault. The trial court granted the district attorney's motion to dismiss the remaining counts. On January 4, 1988, the trial court suspended imposition of sentence and placed appellant on probation for both counts.
.... .... .... .... .... .[*]

VI.

Conditions of Probation
As conditions of probation, the court required appellant, inter alia, to obtain his probation officer's approval of his residence and to submit to searches and seizures at any time, without regard to probable cause. (1a), (2a) Appellant argues these conditions are not reasonably related to his crime or rehabilitation and unduly infringe on his constitutional rights. (He does not challenge other probation requirements that he not possess a gun or dangerous weapon, abstain from all intoxicants, submit to drug and alcohol testing, and participate in psychiatric counseling.)
(3a) Section 1203.1 provides the court broad discretion to determine conditions of probation that will promote rehabilitation and protect the public. (People v. Pointer (1984) 151 Cal. App.3d 1128, 1136 [199 Cal. Rptr. 357], citing People v. Richards (1976) 17 Cal.3d 614, 619 [131 Cal. Rptr. 537, 552 P.2d 97].) (4) A defendant may refuse probation if the conditions are too harsh. (In re Bushman (1970) 1 Cal.3d 767, 776 [83 Cal. Rptr. 375, 463 P.2d 727], overruled on another ground by People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal. Rptr. 905, 541 P.2d 545].) However, the ability to refuse probation does not bar appellant from accepting it and then contesting on appeal a condition he believes is unduly restrictive. (In re Bushman, supra, 1 Cal.3d at p. 776; In re White (1979) 97 Cal. App.3d 141, 146 [158 Cal. Rptr. 562].)
(3b) The court's power to condition probation "is not boundless.... Human liberty is involved. A probationer has the right to enjoy a significant *941 degree of privacy, or liberty, under the Fourth, Fifth and Fourteenth Amendments to the federal Constitution." (People v. Keller (1978) 76 Cal. App.3d 827, 832 [143 Cal. Rptr. 184].) Nevertheless, if necessary to effect the goals of probation, its conditions may limit constitutional rights. (People v. Pointer, supra, 151 Cal. App.3d at p. 1137.)
The seminal case prescribing the criteria for evaluating contested conditions of probation is People v. Dominguez (1967) 256 Cal. App.2d 623 [64 Cal. Rptr. 290]. However, although our Supreme Court has consistently followed Dominguez it has along the way created some confusion about what the opinion in that case means.
In order to determine whether a challenged condition is "reasonable" within the meaning of section 1203.1 of the Penal Code[3] the Dominguez court established the following test: "A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality does not serve the statutory ends of probation and is invalid." (People v. Dominguez, supra, 256 Cal. App.2d at p. 627, italics added.)
The first two Supreme Court cases quoting and purporting to follow the Dominguez test are In re Bushman, supra, 1 Cal.3d 767, 776-777 and People v. Mason (1971) 5 Cal.3d 759, 764 [97 Cal. Rptr. 302, 488 P.2d 630]. In each of these cases, however, the court articulated the test slightly but nonetheless significantly different from the way it had been stated in Dominguez. The Bushman and Mason version of the test is as follows: "A condition of probation imposed pursuant to Penal Code section 1203.1 is invalid if it (1) has no relationship to the crime of which the defendant is convicted, (2) relates to conduct that is not itself criminal, or (3) requires or forbids conduct that is not reasonably related to future criminality. [Citation to Dominguez.]" (Bushman, supra, at pp. 776-777; Mason, supra, at p. 764, italics added.)
Thus under the original formulation of the test in Dominguez, which used the conjunctive "and" rather than the disjunctive "or," a condition of probation was invalid only if it met all three criteria, which unfortunately were stated in the negative (i.e., it had no relationship to the crime, related *942 to conduct not in itself criminal, and required or forbade conduct not reasonably related to future criminality). Stated positively, and perhaps more comprehensibly, Dominguez required that a valid condition of probation must (1) be related to the crime of which the defendant was convicted, or (2) relate to conduct that is criminal, or (3) require or forbid conduct that is reasonably related to future criminality.
Under the Bushman/Mason formulation, on the other hand, a probation condition was seemingly invalid if it merely conformed to one of the three negative criteria. Thus, for example, a condition that was related to the crime for which the defendant was convicted and to future criminality was nonetheless invalid if it did not also relate to conduct that was itself criminal.
The Supreme Court's apparently unintentional misstatement of the Dominguez test was first called to its attention by Justice Sims in In re Mannino (1971) 14 Cal. App.3d 953, 960, footnote 4 [92 Cal. Rptr. 880, 45 A.L.R.3d 996]. Thereafter, in People v. Lent, supra, 15 Cal.3d 481, the Supreme Court sought to clarify the situation. After quoting the original Dominguez language, the court observed that "[i]n paraphrasing the foregoing quotation from Dominguez in In re Bushman (1970) 1 Cal.3d 767, 777 ..., we inadvertently stated the test in the disjunctive rather than the conjunctive, and repeated the error when we quoted Bushman in People v. Mason (1971) 5 Cal.3d 759, 764.... To this extent, Bushman and Mason are disapproved." (People v. Lent, supra, 15 Cal.3d at p. 486, fn. 1.) Lent thus means that a condition of probation which requires or forbids conduct which is not in itself criminal, and is for that reason most vulnerable to challenge, is nonetheless valid if the conduct required or forbidden either (a) has a relationship to the crime of which the offender was convicted, or (b) is reasonably related to future criminality. (Id., at p. 486.)
The Dominguez/Lent test of the validity of a condition of probation may be supplemented by a second level of scrutiny: where an otherwise valid condition of probation impinges on constitutional rights, such conditions must be carefully tailored, "`reasonably related to the compelling state interest in reformation and rehabilitation....'" (In re White, supra, 97 Cal. App.3d at p. 146, quoting People v. Mason, supra, 5 Cal.3d 759, 768; People v. Pointer, supra, 151 Cal. App.3d at p. 1139; People v. Beach (1983) 147 Cal. App.3d 612, 622-623 [195 Cal. Rptr. 381].) With these concerns in mind, we turn to the two conditions of probation appellant challenges.

A.
(1b) The requirement that appellant submit to warrantless searches and seizures at any time is clearly valid. "The [Lent] standard looks first not to *943 constitutional rights but to the facts of the case." (Gilliam v. Municipal Court (1979) 97 Cal. App.3d 704, 709 [159 Cal. Rptr. 74].) There was evidence appellant used a firearm, although the jury did not make a finding on this allegation; the entire episode germinated into drug deal, and, although appellant denied using drugs, he had completed diversion for possession of cocaine; finally, appellant and Saunders were drinking the night of the crime. Appellant does not complain about the requirement that he not possess a dangerous weapon and that he abstain from drugs and alcohol. There is a nexus between each condition and the crime, and the warrantless search provision is related to future criminality. As the Supreme Court has pointed out, a warrantless search condition enables the probation officer "`to ascertain whether [the defendant] is complying with the terms of probation; to determine not only whether [the defendant] disobeys the law, but also whether he obeys the law. Information obtained... would afford a valuable measure of the effectiveness of the supervision given the defendant and his amenability to rehabilitation.'" (People v. Mason, supra, 5 Cal.3d 759, 763-764, quoting People v. Kern (1968) 264 Cal. App.2d 962, 965 [71 Cal. Rptr. 105].)
The cases on which appellant relies are distinguishable. In re Martinez (1978) 86 Cal. App.3d 577 [150 Cal. Rptr. 366] involved a crowd of about 50 people jeering and throwing beer bottles at 2 police officers who were impounding a car. The defendant pleaded guilty to battery on a police officer after being arrested for throwing a bottle of beer at a police car. (In re Martinez, supra, 86 Cal. App.3d at pp. 578-579.) On appeal, the court invalidated the warrantless search condition of probation because the "unique" facts of the case made the condition unreasonable: the defendant did not use a concealed weapon, he had never been convicted, and there was nothing to indicate he would use concealed weapons in the future. (Id., at pp. 582-583.) Given "the entire circumstances of [the defendant's] background and the crime," the search condition was unreasonable. (Id., at p. 584.) Likewise, People v. Keller, supra, 76 Cal. App.3d 827, 840 found a warrantless search condition unreasonable because "a waiver of Fourth Amendment rights in relation to a plea to a 49-cent petty theft  no more  ... reaches for parallel, the use of a Mack truck to crush a gnat." These instances of invalid warrantless search conditions do not support appellant's claim. He was convicted of a more serious offense and his record is not unblemished.

B.
(2b) The condition that appellant's residence be subject to his probation officer's approval, which was not proposed by the probation department, cannot stand. The only portion of the probation report pertinent to this issue is the description of appellant's family background, which includes the *944 following statement: "The family has resided in the same South San Francisco home throughout the defendant's life, and the defendant has always lived in that home. He describes close family relations throughout his life, although he is the only one of the six children remaining at home with his parents." The report also pointed out that "The defendant has no established plans to leave his parents' home. He states that since they are getting older, they can benefit from his helping with work around the house, and that when he develops a consistent income, he can help them pay their bills." While he had been employed as an auto mechanic, appellant paid his parents $250 per month for room and board.
The trial court's interest in appellant's residence seems to have resulted from defense counsel's suggestion that appellant's "immaturity" may have resulted from his protective parents. Near the close of the sentencing hearing, counsel pointed out that appellant has "a very close and deep involvement with his parents, still at an age of 26, which is somewhat unusual.... They are very protective and have protected him during the course of his adolescence and his adulthood, and I think he needs to grow up a little bit and away from them."
Defense counsel's description of appellant's close relationship with his parents neither invited nor justifies disruption of that relationship by a probation officer. There is nothing in the probation report or otherwise a part of the record in this case suggesting in any way that appellant's home life (which is exemplary compared to that of most convicted felons) contributed to the crime of which he was convicted[4] or is reasonably related to future criminality. For these reasons, and because residing with one's parents relates to conduct not in itself criminal, the condition imposed by the court fails to satisfy the test set forth in Dominguez and adopted in People v. Lent, supra, 15 Cal.3d at page 486.
The condition is all the more disturbing because it impinges on constitutional entitlements  the right to travel and freedom of association. Rather than being narrowly tailored to interfere as little as possible with these important rights, the restriction is extremely broad. The condition gives the probation officer the discretionary power, for example, to forbid appellant from living with or near his parents  that is, the power to banish him. It has frequently been held that a sentencing court does not have this power. (People v. Dominguez, supra, 256 Cal. App.2d at p. 628; People v. Beach, supra, 147 Cal. App.3d at pp. 620-623; In re Scarborough (1946) 76 *945 Cal. App.2d 648, 649-651 [173 P.2d 825]; People v. Blakeman (1959) 170 Cal. App.2d 596, 597-599 [339 P.2d 202]; In re Mannino, supra, 14 Cal. App.3d 953, 965; compare People v. Watkins (1987) 193 Cal. App.3d 1686 [239 Cal. Rptr. 255].)

DISPOSITION
The condition of probation requiring appellant to have his probation officer's approval of his residence is stricken. The judgment is affirmed in all other respects.
Benson, J., and Peterson, J., concurred.
NOTES
[*] Pursuant to rules 976 and 976.1, California Rules of Court, the Statement of the Case, part VI of the Discussion and the Disposition are certified for publication.
[1] All statutory references are to the Penal Code unless otherwise noted.
[*] See footnote, ante, page 937.
[3] Section 1203.1 provides in material part that "The court may impose and require any or all of the above-mentioned terms of imprisonment, fine, and conditions, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer...." (Italics added.)
[4] Where there was no evidence or expert testimony that psychological problems led to the defendant's conviction for disturbing the peace, the court invalidated a condition of probation requiring him to seek and pay for psychiatric treatment. (In re Bushman, supra, 1 Cal.3d 767, 775-777.)