Filed 3/1/13  P. v. Zarco CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056201 |
| v. | (Super.Ct.No. FSB1105072) |
| SANTOS GOMEZ ZARCO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Santos Gomez Zarco appeals from the revocation of probation stemming from his felony conviction for indecent exposure.  (Pen. Code,

1

§ 314.)[1]  Following an evidentiary hearing, he was found in violation of probation condition No. 20 and sentenced to three years in state prison.  He contends that condition No. 20 is constitutionally overbroad and, in any case, there was insufficient evidence to support the finding that he willfully violated it.

We conclude that his first contention has been forfeited, and reject the second contention.  Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with felony indecent exposure as a result of an incident on November 5, 2011, when he was "caught masturbating in the bushes at an El Pollo Loco and blowing kisses to those exiting the restaurant."  Defendant had four prior indecent exposure convictions, received two prior probation grants, and had served a prison term for two of the prior incidents.

Pursuant to a negotiated agreement, defendant entered a plea of no contest to the indecent exposure charge as a felony, and was subsequently placed on three years' felony probation with various additional terms and conditions.

The probation department later petitioned the court to revoke defendant's probation alleging he had violated four of its conditions, as follows:

No. 5:  Cooperate with the probation officer in a plan of rehabilitation and follow all reasonable directives of the probation officer.

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

No. 20:  Not associate with persons under the age of 18 outside the presence of a responsible adult who is aware of his background and current offense and who has been approved by the probation officer.

No. 36:  Do not associate with minors or frequent places where minors congregate, including but not limited to:  schoolyards, parks amusement parks, concerts, playgrounds, swimming pools, and arcades, unless in the company of a responsible adult over the age of 21 who is approved by the probation officer or court, who is aware of your offense and who is willing to monitor your behavior.

No. 47:  Not to use or possess children's clothes or any illustrated materials depicting unclothed children.

Upon his release from county jail, where he served time pursuant to probation condition No. 1, defendant met with his probation officer Shelby Gross.  Defendant was accompanied by his two adult daughters, and Gross testified at the revocation hearing that she went over every term and condition of the probation with defendant and his daughter Lizbeth.  She read the terms to defendant in English and had Lizbeth translate them to defendant in Spanish.  Gross testified that Lizbeth confirmed, specifically with regard to condition No. 20, that she had translated the exact language to defendant in Spanish and that he understood the term.

Gross followed the same procedure for conveying condition Nos. 5, 36, and 47 to defendant.  Gross designated both adult daughters as approved adults, and both agreed to supervise defendant.  According to Lizbeth, she was unable to translate condition No. 20 because Gross interrupted her and began explaining the terms in English.  She also

denied that Gross designated any adult supervisors, but indicated that any adult with knowledge of defendant's offense would be acceptable. Gross admitted she did not know what Lizbeth had told defendant about the adults who had been approved by the department.

On February 24, 2012, Gross conducted a compliance check at defendant's residence with the assistance of Probation Officer Jennifer Villa. Lizbeth answered the front door and led the officers to a shed-like structure in the backyard, from where defendant, a woman and a five-year-old girl emerged.

Lizbeth identified the child as her niece and the woman as her mother. When Gross asked why the defendant was in the company of a child without adult supervision, Lizbeth responded that she believed her mother to be a person approved by probation to supervise defendant. Gross reminded her that she and her sister were the only two adults who had been authorized to supervise the defendant, but Lizbeth denied that she made this statement.

Lizbeth indicated that because there was not enough room in the front trailer for everyone, her niece stayed in the back with the defendant and her mother and slept in the bed between the two. She said that the defendant was often left alone with the child, although when Lizbeth testified, she denied making this statement. She claimed that she was told that anyone who was aware of the defendant's conviction could supervise him. During a subsequent interview, defendant told Gross he did not realize his wife could not supervise him.

The court found that the prosecution had met its burden of proof only with respect to showing a violation of condition No. 20. It commented that Officer Gross testified that she had Lizbeth translate or actually talk to her father regarding the terms of probation, and that the latter stated that she had talked to him and that he understood the terms of probation.

DISCUSSION

I.      *Forfeiture of Challenge to Probation Condition No. 20.*

Defendant contends that probation condition No. 20 prohibiting his association with minors unless supervised by an approved adult is unconstitutionally overbroad, because it prohibits conduct that has no reasonable relation to the offense of indecent exposure. Because it restricts his right of free association without justification, it must be stricken.

The People argue that defendant has forfeited any right to challenge the probation conditions because he did not object at the sentencing hearing. Defendant acknowledges that no objection was made, but he maintains there is no forfeiture because the rule of forfeiture does not apply to pure questions of law capable of being resolved without reference to the sentencing record developed in the court.

We agree with the People and conclude that defendant has forfeited his challenge.

While adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights, a probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. (*People v.*

5

*Olguin* (2008) 45 Cal.4th 375, 384.)  Not every term that requires a defendant to give up a constitutional right is per se unconstitutional.  (*People v. Mason* (1971) 5 Cal.3d 759, 764-765, overruled on a different point as stated in *People v. Lent* (1975) 15 Cal.3d 481, 486, fn. 1.)  Probation conditions may place limits on constitutional rights if they are reasonably necessary to meet the twin goals of rehabilitation of the defendant and protection of the public.  (*People v. Bauer* (1989) 211 Cal.App.3d 937, 940-941.)

Generally speaking, a defendant forfeits a challenge to the reasonableness of a probation condition by failing to raise that challenge in the trial court.  (*People v. Welch* (1993) 5 Cal.4th 228.)  However, a challenge to a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction without reference to the particular sentencing record developed in the trial court can be raised for the first time on appeal; it is not forfeited by failure to raise it below.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.)  On the other hand, traditional principles of forfeiture apply to probation conditions that do not present a pure question of law.  (*Id.* at p. 889.)  For the exception to apply, an appellate court must only concern itself with abstract and generalized legal concepts and not with the individual facts and circumstances of the case.  (*Id.* at p. 885.)  "Applying the [forfeiture] rule to appellate claims involving discretionary sentencing choices or unreasonable probation conditions is appropriate, because characteristically the trial court is in a considerably better position than the Court of Appeal to review and modify a sentence option or probation condition that is premised upon the facts and circumstances of the individual case."  (*Ibid*.)

Defendant argues the indecent exposure statute is not a sex offense involving minors, and it does not even appear in the chapter of the Penal Code that specifically references children as victims. Although minors may be particularly vulnerable as victims of this crime, we assume *arguendo* that a violation of section 314 is not on its face a sufficient basis to justify imposition of a probation condition restricting a defendant's freedom of association with minors. However, we agree with the People that imposition of such a condition may be warranted based on the facts and circumstances underlying a particular case. Indeed, defendant himself contends that a determination of the constitutionality of condition No. 20 is not dependent on the facts and circumstances disclosed in the record for the very reason that the sentencing record does *not* disclose that his current or past offenses involved minor victims. In so arguing, defendant is essentially recasting a claim that the probation condition is unreasonable in his case. This would require us to look past the law as it relates to this condition and give consideration to the reasonableness of the condition in light of the particular facts of defendant's case. There can be no exception to the rule of forfeiture under these circumstances and we decline to review the challenged terms of probation on this basis.

II.    *Substantial Evidence*

Defendant next argues that there was insufficient evidence to support the finding that he violated probation condition No. 20. The standard of proof for establishing a basis for revocation of probation is a preponderance of the evidence, and the evidence must support a conclusion that the probationer's conduct constituted a willful violation of

7

the terms and conditions of probation. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982.)

As an appellate court, we will not disturb a decision to revoke a defendant's probation unless we find the trial court abused its discretion. (*People v. Kelly* (2007) 154 Cal.App.4th 961, 965.) "[W]here the trial court was required to resolve conflicting evidence [to determine whether a defendant violated the conditions of his probation], review on appeal is based on the substantial evidence test. Under that standard, our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849, fns. omitted.)

Here, we must presume the trial court credited Officer Gross's testimony that defendant was aware of and understood the terms of probation condition No. 20, and that defendant's two adult daughters were the only adults whom the probation department had approved to supervise him. The terms required that any adults who supervised his contact with minors be approved by the probation office. Therefore, he could not assume that he could comply with the probation condition by simply having any adult supervise him—even one who was aware of his criminal conviction. In addition, Gross testified that Lizbeth told her that defendant was often alone with this five-year-old child. There was no objection to this testimony and the trial court could properly rely on it to

8

support its finding. (*People v. Stanphill* (2009) 170 Cal.App.4th 61 [hearsay evidence consisting of a spontaneous declaration was properly admitted and used to support the finding of a probation violation].)

In sum, resolving all inferences, intendments, and conflicts in the evidence in favor of the judgment, we conclude there was substantial evidence to support the trial court's finding that defendant violated probation condition No. 20.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
J.

We concur:

RICHLI _____
      Acting P. J.

MILLER _____
      J.