Filed 3/4/13  P. v. Esparza CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062190 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD239782) |
| GUADALUPE ESPARZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed as modified with directions.

As part of a plea agreement, Guadalupe Esparza entered a guilty plea to one count of felony theft (Pen. Code,[1] § 487, subd. (a)).  The remaining counts and allegations were dismissed and the parties agreed the prosecutor would not oppose probation with 240 days of custody, to run concurrently with a sentence in a separate case.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

At the time of sentencing, Esparza objected to two conditions of probation as having no nexus to the current offense. Those conditions were 10.g. which provided: "Obtain P.O. approval of residence [and] employment"; and 12.g. which provided: "Do not remain in any building, vehicle or in the presence of any person where you know a firearm, deadly weapon, or ammunition exists."

The trial court overruled Esparza's objections and imposed the contested terms as conditions of probation.

Esparza appeals contending the trial court erred in imposing conditions 10.g. and 12.g. In their briefing, the parties agree the language of condition 12.g. is overbroad. The respondent has proposed the following modification, with which Esparza agrees: "Esparza is prohibited from being in the presence of those he knows illegally possess firearms, deadly weapons or ammunition." We agree with the parties that condition 12.g. as imposed was overbroad and will order the agreed upon modification on remand.

With regard to condition 10.g., we find the court erred in imposing that condition in addition to uncontested conditions, which require Esparza to keep the probation officer informed of his residence and employment. We will find no basis in the offense or in any specific need for rehabilitation of Esparza to justify this condition, which limits otherwise lawful activity. Accordingly, we will direct the trial court to modify the probation order by striking condition 10.g. and by modifying condition 12.g. Otherwise we will affirm the judgment.

STATEMENT OF FACTS

Since this is an appeal following a guilty plea to one count we see no purpose in setting forth the facts from the preliminary hearing transcript. The factual basis for the plea was expressed in the following exchange:

> "THE COURT: It states here by way of a factual basis of your plea that you unlawfully took the property of NASSCO without permission, and it was in excess of $950; is that what you did in this case, sir?
>
> "THE DEFENDANT: Yes."

DISCUSSION

Sentencing courts have broad discretion in imposing conditions of probation meant to protect the public and rehabilitate the defendant. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) A defendant may refuse probation if he believes the conditions are too harsh. (*In re Bushman* (1970) 1 Cal.3d 767, 776, overruled on another ground in *People v. Lent* (1975) 15 Cal.3d 481, 486, fn. 1.) Accepting probation, however, does not prevent a defendant from then challenging conditions of that probation on appeal. (*In re Bushman, supra,* at p. 776.)

We review probation conditions for abuse of discretion. (*People v. Carbajal, supra,* 10 Cal.4th at p. 1121.) A probation condition is invalid if it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." ' " (*People v. Olguin* (2008) 45 Cal.4th 375, 379, quoting *People v. Lent, supra,* 15 Cal.3d 481, 486.) All three parts of this test must be

3

satisfied before a reviewing court will invalidate a condition of probation.  (*Olguin,*

*supra,* at p. 379.)

In *People v. Bauer* (1989) 211 Cal.App.3d 937, the defendant was convicted of

false imprisonment and assault and was placed on probation.  One probation condition

was that he "obtain his probation officer's approval of his residence . . . ."  (*Id*. at p. 940.)

The defendant argued that the condition was not related to his crime or his rehabilitation

and unreasonably infringed on his constitutional rights.  (*Ibid.*)  The *Bauer* court agreed,

holding that nothing in the record indicated the defendant's home life contributed to his

crimes or was reasonably related to his future criminality, and his residence was not in

itself criminal.  (*Id.* at p. 944.)  The court noted that the condition was especially

disturbing because it infringed on the defendant's constitutional rights of travel and

freedom of association and gave the probation officer too much discretionary power over

the defendant's living situation.  (*Ibid.*)

In *People v. Burden* (1988) 205 Cal.App.3d 1277, the defendant pleaded guilty to

writing checks with insufficient funds and was placed on probation with several

conditions, including prohibiting him from working in a sales position.  (*Id.* at p. 1279.)

The *Burden* court noted that a sales position might give the defendant the opportunity to

misrepresent his financial status or write checks while claiming that he would soon

receive a large commission.  (*Id.* at p. 1280.)  However, because there was nothing in the

record to indicate the defendant had used those tactics in the past, the court held the

4

restriction to the defendant's constitutional right to employment was overbroad and should be stricken. (*Id.* at pp. 1280-1281.)

Similarly here, the record does not support an inference that Esparza's choice of residence or employment will influence his future criminality. At the sentencing hearing defense counsel objected to these conditions. In response the probation officer simply noted they were "standard." The prosecutor made no comments on the challenged conditions and simply "submitted" the matter.

The court thereafter imposed the conditions without any comment. Thus, nothing in the record directly addresses the relevance of the contested conditions to the purpose of Esparza's performance on probation.

Respondent argues the residence and employment conditions are related to Esparza's rehabilitation. Specifically it is argued that since Esparza was homeless at the time of the theft offenses and claimed he committed the crimes because he needed money, it is therefore reasonable to require probation officer approval of both residence and employment. Nothing in the trial court record or in the briefing explains why prior probation officer approval should be required or why it would be beneficial. The argument thus seems predicated on the assumption that since Esparza committed theft because he needed money and was homeless, his future selection of employment or residence might pose some kind of risk. In our view that is a generic argument that would presumably cover all theft convictions because they are quite often motivated by a desire or need for money.

5

We think the argument in favor of such conditions is speculative. Being homeless or broke does not imply some potential problem in the person's future choice of where to live, or what kind of job the person may be able to get. Although there is no reason to believe the probation officer would abuse the authority to deny Esparza permission to move or change employment, that alone does not permit the court to unnecessarily limit Esparza's rights. (*People v. Bauer, supra*, 211 Cal.App.3d at p. 944.)

While Esparza's probation officer has an interest in knowing the location of Esparza's residence and place of employment, the unchallenged requirement that Esparza notify his probation officer within 72 hours of any change of address or employment satisfies that interest. Therefore the requirement that Esparza obtain probation officer approval before changing his residence or employment is, in this case, overbroad. The requirement improperly impedes Esparza's right to travel, his freedom of association and his right to employment. It also gives too much discretion to the probation officer. For these reasons, and because the restriction applies to conduct that is not criminal, we strike the probation condition requiring Esparza to obtain approval from his probation officer before changing his residence or employment.

## DISPOSITION

Probation condition 10.g. is stricken. The trial court is directed to modify condition 12.g. consistent with the views expressed in this opinion. In all other respects

6

the judgment is affirmed.  The superior court is directed to amend the probation order in accordance with the views expressed in this opinion.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.

HALLER, J.

7