Filed 12/10/14  P. v. Hill CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>KRISTEN MARIE HILL,<br><br>      Defendant and Appellant. | C075607<br><br>(Super. Ct. No.<br>MCYKCRF-120001869-002) |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>PAUL ZACHARY BLEDSOE,<br><br>      Defendant and Appellant. | C075607<br><br>(Super. Ct. No.<br>MCYKCRF12-0001869-003) |

Defendants Kristen Marie Hill and Paul Zachary Bledsoe entered pleas of no contest to assault by means of force likely to produce great bodily injury and failure to

1

appear and admitted on-bail enhancements. The trial court suspended imposition of sentence and granted probation for both defendants.

Defendants appeal. They challenge a condition of probation which grants the probation officer the right to approve where they live and work. They also challenge the stayed portion of a restitution fine. We will modify the probation orders, striking the challenged condition, and remand to the trial court to impose an authorized restitution fine. In all other respects, we will affirm the orders of probation.

FACTS

After a night of drinking and partying on October 15, 2012, defendants were involved in the beating of the victim. The victim sustained serious injuries. Defendants were released on bail after their arrests and failed to appear at a court hearing. Bench warrants were issued and defendants were located in Michigan.

DISCUSSION

I

Prior to sentencing, the probation officer recommended probation for defendants subject to certain terms and conditions including probation condition number 5 which provides: "That [her/his] place of employment and residence must meet with the approval of the Probation Officer." The court so ordered at sentencing.

Defendants contend that the condition is constitutionally overbroad, violating their rights to travel, association, and employment.[1] The People concede that condition number 5 is constitutionally overbroad. Based on *People v. Bauer* (1989) 211 Cal.App.3d 937, 944 (*Bauer*), *People v. Burden* (1988) 205 Cal.App.3d 1277, 1279-1281, and *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359, we agree.

---

[1] Defendant Bledsoe also contends the probation condition is unconstitutional as applied but since he did not object on this ground at sentencing, this portion of his challenge to the condition is forfeited. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.)

2

*Bauer* struck a probation condition which required the defendant to obtain the probation officer's approval of his place of residence. (*Bauer, supra*, 211 Cal.App.3d at pp. 943-945.) *Bauer* explained, "The condition is all the more disturbing because it impinges on constitutional entitlements--the right to travel and freedom of association. Rather than being narrowly tailored to interfere as little as possible with these important rights, the restriction is extremely broad. The condition gives the probation officer the discretionary power, for example, to forbid appellant from living with or near his parents--that is, the power to banish him. It has frequently been held that a sentencing court does not have this power." (*Id.* at p. 944.)

Here, condition number 5 unconstitutionally interferes with defendants' rights to travel, association, and employment, granting the probation officer unfettered discretion concerning defendants' living and working situations.

Defendants argue that condition number 5 must be stricken because other conditions were imposed to achieve the same results of rehabilitation and protection of society such as condition numbers 3 and 10. The People agree that condition number 5 should be stricken since there are other terms and conditions which "are narrowly drawn so as to correlate more closely with the probation department's need to monitor Hill's and Bledsoe's movements."

Condition number 3 provides "[t]hat [she/he] allows the Probation Officer or an agent of the probation department to visit [her/his] home or place of employment." Condition number 10 provides, "Inform [her/his] probation officer or an agent of the probation department and collections within 24 hours of any change in residence or living arrangements."

We will strike condition number 5.  There are other conditions (condition numbers 3 and 10) which achieve the same results of rehabilitation and protecting society.[2]

II

As the probation officer recommended, the trial court imposed condition number 25 which provides that defendants shall pay a restitution fine of $2,240, all but $280 of which is stayed pending successful completion of probation, as well as a $2,240 probation revocation restitution fine (probation fine).

Defendants contend that the trial court erred in imposing the restitution fine and that the amount for the restitution fine and the probation fine must each be reduced on appeal to $280.  Relying upon *People v. Mustafaa* (1994) 22 Cal.App.4th 1305 (*Mustafaa*), defendants argue that the trial court imposed "a lawful aggregate sentence by ordering [defendants] to pay a restitution fine in the amount of $280 because this amount satisfies the statutory requirement for the minimum amount of restitution fine that must be imposed" but "fashioned the sentence in an unlawful manner by ordering a total restitution fine of $2,240 and staying all but $280."

The People argue that the trial court had no authority to stay a portion of the restitution fine but disagree that the amount should be reduced to $280, arguing the amount should remain at $2,240.

Defendants' reliance upon *Mustafaa* is misplaced.  In *Mustafaa*, the defendant entered a plea of guilty to three counts of robbery with enhancements for personal arming.  (*Mustafaa, supra*, 22 Cal.App.4th at pp. 1309, 1311.)  The trial court erred in fashioning a sentence which separated the felony from the enhancement and imposed a

---

**2**  As defendants and the People acknowledge, the issue of a probation officer's approval of the defendant's residence as a condition of probation is presently pending review before the California Supreme Court.  (*People v. Schaeffer* (2012) 208 Cal.App.4th 1, review granted Oct. 31, 2012, S205260.)

concurrent term for the felony and a consecutive term for the enhancement.  (*Id.* at p. 1311.)  *Mustafaa* concluded the trial court imposed a "legal aggregate sentence [but] fashion[ed] it in an unauthorized manner."  (*Id.* at pp. 1311-1312.)  Thus, *Mustafaa* found that double jeopardy prevented a greater aggregate term on remand.  (*Ibid.*)

We disagree that the trial court imposed a "lawful aggregate" restitution fine but unlawfully "fashioned" the fine.  There was one restitution fine unlike the sentence in *Mustafaa* which was comprised of several convictions and enhancements.  We conclude that the trial court imposed an **unauthorized** restitution fine by staying a portion of the restitution fine.  An unauthorized sentence (restitution fine) is one that "could not lawfully be imposed under any circumstance in the particular case."  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  When defendants committed their offenses, the trial court had no authority to stay a portion of the restitution fine.  Penal Code section 1202.4, subdivision (m) provides that the court shall make the restitution fine a condition of probation and makes no mention of any authority to stay all or a portion.  Staying all or a portion of a restitution fine was previously authorized but has not been authorized for years.  (Stats. 1994, ch. 1106, § 3, p. 6550; Stats. 1994, 1st Ex. Sess. 1994, ch. 46, § 3, p. 8755.)

We disagree that we must reduce the amount to $280.  In view of the trial court's order that defendants pay a probation fine of $2,240, it is unclear whether the trial court would only impose $280 as the restitution fine.

We will remand for the trial court to impose an authorized restitution fine and a corresponding probation fine in the same amount for both defendants.  Contrary to defendants' assertion, remand for this purpose does not violate their rights to due process and is not barred by double jeopardy because the trial court imposed an **unauthorized** sentence (restitution fine).  (*People v. Serrato* (1973) 9 Cal.3d 753, 764-765, disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)

## DISPOSITION

The orders of probation are modified, striking condition number 5. The matters are remanded to the trial court to impose an authorized restitution fine with a corresponding probation fine in the same amount. In all other respects, the orders of probation are affirmed.

        BLEASE        , J.

We concur:

    RAYE        , P. J.

    BUTZ        , J.