Filed 3/3/15  P. v. Rojas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065601 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS266218) |
| ERICK ROJAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed as modified; remanded with directions.

Sarita Ordonez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., Susan Miller and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Erick Rojas of first degree burglary. (Pen. Code,[1] § 459.) It found true allegations that the building was inhabited (§ 460) and another person other than an accomplice was present in the residence during the commission of the crime. (§ 667.5, subd. (c)(21).)

The court suspended imposition of sentence and placed Rojas on three years of formal probation, on condition he spend 373 days in county jail, with credit for time served.

Rojas's sole contention is that condition No. 10 (g) of his order granting formal probation requiring him to obtain his probation officer's approval regarding his choice of residence is overly broad and thus violates his constitutional right to travel and freedom of association.[2] We agree that the condition is not tailored narrowly enough to protect Rojas's constitutional rights and strike it from the order. We affirm the order as modified and remand with directions.

FACTS

On July 3, 2013, Rojas entered a couple's apartment in Chula Vista, and early that morning they found him inside drinking a soda. When the husband asked Rojas what he was doing there, Rojas replied that he was hungry and cold. Rojas then left. Afterwards, the couple realized that a jacket, a pair of gloves and a flashlight were missing from their home.

---

[1]    Statutory references are to the Penal Code.

[2]    A substantially similar issue is currently before the California Supreme Court. (*People v. Schaeffer* (2012) 208 Cal.App.4th 1, review granted October 31, 2012, S205260.)

At trial, Rojas testified that he did not recall entering the couple's home or taking their property. But he also acknowledged that from the beginning of 2013 he had been abusing alcohol and various drugs, including methamphetamines, ecstasy, and marijuana.

DISCUSSION

A defendant's constitutional challenge to his or her probation condition is not forfeited despite his or her failure to object at the time the condition was imposed. (*In re Sheena K.* (2007) 40 Cal.4th 875, 879 ["An obvious legal error at sentencing that is 'correctable without referring to factual findings in the record or remanding for further findings' is not subject to forfeiture"].) We review constitutional challenges to probation conditions de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Probation conditions impinging on "constitutional rights 'must be narrowly drawn' " so that they are reasonably related to the state's interest in reformation and rehabilitation. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 627.) In *People v. Bauer* (1989) 211 Cal.App.3d 937, the reviewing court struck a similar residence approval probation condition, stating: "The condition is all the more disturbing because it impinges on constitutional entitlements—the right to travel and freedom of association." (*Id.* at pp. 944-945.)

A probation condition is invalid if it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*People v. Olguin* (2008) 45 Cal.4th 375, 379, quoting *People v. Lent*

3

(1975) 15 Cal.3d 481, 486.) All three parts of this test must be satisfied before a reviewing court will invalidate a probation condition. (*Olguin, supra,* at p. 379.)

The first two prongs are easily met: nothing in the record indicates Rojas's residence was related to his crime, and choosing a residence is not in itself criminal conduct. As to the third prong, the People assert oversight of Rojas's residence will help him recover from his severe substance abuse. There is evidence in the record that Rojas struggles with drug abuse and it adversely affects his judgment. Any connection, however, between his choice of residence and his potential for future criminality is too attenuated to pass constitutional muster.

A condition that Rojas not knowingly associate with people who are using or selling narcotics would have been a much more narrowly tailored condition to affect the People's proffered purpose. We also note that the order granting formal probation lists the residence condition in the section titled "violence and sex conditions," which does not apply here. (Capitalization omitted.) While the probation officer presumably would not act capriciously, that possibility alone does not permit the court to unnecessarily limit Rojas's rights. (*People v. Olguin, supra,* 45 Cal.4th at p. 383 [Probation terms giving discretion to probation officers cannot be read to authorize them to act irrationally or capriciously].)

When a probation condition imposes limitations on a person's constitutional rights, it must be closely tailored to avoid being invalidated as unconstitutionally overbroad. (*People v. Olguin, supra,* 45 Cal.4th at p. 384, quoting *In re Sheena K., supra,* 40 Cal.4th at p. 890.) As Rojas correctly points out, he "is already subject to unchallenged

4

conditions ordering him to undergo substance abuse treatment and counseling with required reporting, wear a continuous alcohol monitoring device, not be in places where alcohol is the main item for sale, and submit to drug and alcohol testing." Indeed, condition No. 6 requires Rojas to report to his probation officer any change of address within 72 hours. Condition No. 7 requires him to obtain treatment, therapy and counseling. Condition No. 8 requires him to not knowingly use or possess alcohol, and wear a continuous alcohol monitoring device. Condition No. 9 requires him to complete a program of residential treatment and aftercare.

We conclude condition No. 10 (g) requiring Rojas to obtain his probation officer's approval as to his residence was overly broad, and we strike the condition from the order.

DISPOSITION

The matter is remanded and the superior court is directed to modify the order granting formal probation to strike condition No. 10 (g). In all other respects, the order is affirmed.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.

5