Filed 10/8/15  P. v. McLucas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEITH EUGENE McLUCAS,<br><br>    Defendant and Appellant. | D066548<br><br><br><br>(Super. Ct. No. SCD254227) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed as modified.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Keith Eugene McLucas pled guilty to false imprisonment (Pen. Code, §§ 236, 237, subd. (a)),[1] and the trial court imposed a three-year split sentence, with the first year to be served in jail, followed by two years of mandatory supervision pursuant to section 1170, subdivision (h)(5)(B). The sole issue on appeal is whether the trial court violated McLucas's constitutional rights by requiring as a condition of mandatory supervision that McLucas obtain probation officer approval as to his residence.

As we will explain, we conclude that the condition requiring probation officer approval of McLucas's residence is unconstitutionally overbroad, and we accordingly strike that condition from the order granting mandatory supervision.

I.

FACTUAL AND PROCEDURAL BACKGROUND

According to the probation officer's report prepared in connection with sentencing in this case, McLucas's conviction arose out of an incident on February 22, 2014, during which he may have been suffering a psychotic episode possibly triggered by the use of drugs. According to statements that McLucas's wife gave to police, McLucas was acting agitated and paranoid inside their home. McLucas pushed the couch in front of the door and barricaded the windows, appearing to believe that there was someone outside who was going to kill him. McLucas did not allow his wife to exit the home and was swinging knives and a baseball bat around the room. After several hours, McLucas called paramedics to report his wife was having chest pains.

---

[1]    Unless otherwise noted, all further statutory references are to the Penal Code.

2

McLucas was charged with (1) making a criminal threat, while personally using a deadly and dangerous weapon (§§ 422, 1192.7, subd. (c)(23)) (count 1); (2) false imprisonment by violence, menace, fraud or deceit (§§ 236, 237, subd. (a)) (count 2); and (3) exhibiting a deadly weapon other than a firearm (§ 417, subd. (a)) (count 3).

Counts 1 and 3 were dismissed by the court after a preliminary examination, and McLucas later pled guilty to the remaining count of false imprisonment (§§ 236, 237, subd. (a)).

The trial court sentenced McLucas to a three-year sentence, with one year to be served in jail and two years to be served on mandatory supervision. (§ 1170, subd. (h)(5)(B).)

As a condition of mandatory supervision, the trial court ordered, among other things, that McLucas "[o]btain [probation officer] approval as to residence." McLucas made no objection to that condition during sentencing.

McLucas obtained a certificate of probable cause to appeal, and filed this appeal, which challenges the constitutionality of the condition that he obtain probation officer approval of his residence.

## II.

## DISCUSSION

McLucas contends that the condition of mandatory supervision requiring probation officer approval of his residence is unconstitutionally overbroad, violating his constitutional right to due process, right to travel and freedom of association.[2]

As an initial matter, we note that a defendant generally forfeits an appellate challenge to the reasonableness of a probation condition by failing to object in the trial court. (*People v. Welch* (1993) 5 Cal.4th 228, 237 (*Welch*).)[3] However, this rule of forfeiture does not apply to a defendant's " 'facial challenge' " to a probation condition as unconstitutionally vague and overbroad. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885

---

[2]     The propriety of a residence approval probation condition in a case involving possession of drugs and misdemeanor drug use is currently before our Supreme Court. (*People v. Schaeffer*, review granted Oct. 31, 2012, S205260.)  We note also that although the precise issue presented here concerns conditions of *mandatory supervision*, rather than conditions of *probation*, there is no reason why the same legal principles should not apply, and we accordingly refer to case law concerning the constitutionality of probation conditions.  Indeed the mandatory supervision program created by the Criminal Justice Realignment Act (Stats. 2011, ch. 15, § 1) is expressly modeled on and incorporates the terms, conditions and procedures applicable to persons on probation. (See § 1170, subd. (h)(5)(B) ["During the period of mandatory supervision, the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court."].)

[3]     Therefore, although " '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . ." ' " (*People v. Olguin* (2008) 45 Cal.4th 375, 379), a challenge to the reasonableness of a probation condition for failure to meet these requirements may not be raised on appeal if no objection was made in the trial court. (*Welch*, *supra*, 5 Cal.4th at p. 237.)

(*Sheena K*.).)  A defendant may assert a constitutional challenge to a probation condition to the extent that it presents "a pure question of law, easily remediable on appeal by modification of the condition," and that "is capable of correction without reference to the particular sentencing record developed in the trial court." (*Id.* at pp. 888, 887.)

Here, McLucas did not object to the imposition of the condition that he obtain probation officer approval of his residence.  Therefore, McLucas may challenge that condition on appeal only to the extent he raises a facial challenge to its constitutionality, and only to the extent that his challenge presents a pure question of law that does not require us to refer the particular sentencing record developed in the trial court. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889.)  We review constitutional challenges to probation conditions de novo.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Case law holds that a condition requiring a defendant to obtain probation officer approval of a residence "impinges on constitutional entitlements—the right to travel and freedom of association." (*People v. Bauer* (1989) 211 Cal.App.3d 937, 944 (*Bauer*); see also *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1100 [generally discussing the state and federal constitutional right to travel; *Roberts v. U.S. Jaycees* (1984) 468 U.S. 609, 617 [discussing the federal constitutional right to freedom of association].)  Based on this authority, we conclude that McLucas's constitutional rights are impacted by the condition requiring probation officer approval of his residence.

As a restriction on McLucas's exercise of his constitutional rights is at issue, we apply the principle that "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition

5

to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) " '[T]he overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' " (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1128.) " 'If available alternative means exist which are less violative of a constitutional right and are narrowly drawn so as to correlate more closely with the purpose contemplated, those alternatives should be used [citations].' " (*People v. Pointer* (1984) 151 Cal.App.3d 1128, 1139 (*Pointer*).)

Based on these legal principles, the issue presented for our de novo review is whether the requirement that McLucas's probation officer approve his residence is *carefully tailored* and *reasonably related* to achieving the goal of reformation and rehabilitation. The Attorney General contends that probation officer approval of McLucas's residence is reasonably related to the goal of reformation and rehabilitation because (1) it will help ensure that McLucas is not living in an environment conducive to the use of illegal drugs; and (2) it will help to limit McLucas's harmful contact with the victim, his wife.

Although probation officer approval of McLucas's residence may, as identified by the Attorney General, have some reasonable relation to the goals of preventing McLucas's drug use and avoiding harmful contact between McLucas and the victim, the condition is unconstitutionally overbroad because it is not carefully tailored to meet either of those goals. The goals of preventing McLucas's drug use and detrimental contact with the victim are more directly and effectively addressed by other conditions of McLucas's

6

mandatory supervision. Specifically, the prevention of McLucas's future drug use is directly addressed by (1) the prohibition of McLucas's possession and use of controlled substances; (2) the requirement that McLucas submit to drug testing; and (3) the ability of the probation officer to require McLucas to complete a residential drug treatment program. The prevention of any detrimental contact between McLucas and the victim is directly addressed by requirements that McLucas (1) not contact or attempt to contact the victim, (2) inform his probation officer of any change of residence within 72 hours and (3) attend a program for batterers.

Here, because there are alternative provisions specified in the conditions of mandatory supervision to prevent McLucas's drug use and harmful contact with the victim that are "less violative of a constitutional right and are narrowly drawn" (*Pointer*, *supra*, 151 Cal.App.3d at p. 1139), we conclude that the requirement of probation officer approval of McLucas's residence is unconstitutionally overbroad and not narrowly tailored to the goals of reformation and rehabilitation. Accordingly, we order that the unconstitutional condition be stricken from the conditions of McLucas's mandatory supervision. (*Bauer*, *supra*, 211 Cal.App.3d at p. 944 [striking unconstitutionally overbroad condition requiring probation officer of approval of a probationer's residence].)

DISPOSITION

Condition 7g in the order granting mandatory supervision, which requires that McLucas "[o]btain [probation officer] approval as to residence[,]" is hereby ordered stricken. In all other respects, the judgment is affirmed.


IRION, J.

WE CONCUR:


HALLER, Acting P. J.


McINTYRE, J.