Filed 12/6/23  P. v. Gomez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>EDEMIR GOMEZ,<br><br>  Defendant and Appellant. | H050506<br>(Santa Clara County<br> Super. Ct. No. C2205787) |

Edemir Gomez pleaded no contest to felony infliction of corporal injury on a cohabitant, misdemeanor dissuading a victim from reporting a crime, and felony assault. The trial court granted a three-year term of probation, subject to various terms and conditions, including a warrantless search condition.  Gomez argues on appeal that the trial court erred in imposing the search condition.  We affirm.

## I. BACKGROUND

### A.  Procedural Background

The prosecution charged Gomez with eight counts:  count 1—infliction of corporal injury on a cohabitant (Pen. Code, § 237.5, subd. (a)[1]; a felony); counts 2 and 5—attempting to dissuade a victim from reporting a crime (§ 136.1, subd. (b)(1); felonies); count 3—vandalism of $400 or more (§ 594, subd. (b)(1); a felony); count 4—forcible sodomy (§ 286, subd. (c)(2)(A); a felony); and counts 6, 7, and 8—inflicting battery on a cohabitant (§ 243, subd. (e)(1); misdemeanors).

---

[1] Subsequent undesignated statutory references are to the Penal Code.

The prosecutor subsequently amended the complaint to add count 9—assault as to both victims (§ 245, subd. (a)(4); a felony), and it reduced to a misdemeanor one count of dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 2, as amended to allege both victims). Gomez then pleaded no contest to count 1, felony inflicting corporal injury on a cohabitant; count 2, misdemeanor dissuading a victim from reporting a crime; and count 9, felony assault.

The trial court sentenced Gomez to 364 days in jail, suspended imposition of sentence, and granted a three-year term of probation, with various terms and conditions. The court imposed a condition, to which Gomez did not object, that "defendant shall not knowingly possess any item that under the law would be considered a deadly or dangerous weapon(s) during the period of Probation." Over Gomez's objection, the court imposed a condition requiring that "defendant shall submit his/her person, place of residence, vehicle and any other property under his/her control to search at any time with or without a warrant by any Peace Officer or any law enforcement agency."

With respect to the search condition, Gomez had filed a written objection in which he argued that its imposition was unlawful under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). He renewed the objection orally at the sentencing hearing, and the court initially declined to order the search condition. The prosecutor then told the court that it was the view of the probation department that the search condition was necessary to effectuate the no-weapons condition of Gomez's probation. In response, the court stated that it had mistakenly thought this was a misdemeanor case, and that it agreed with the prosecutor. The court then imposed the search condition.

Gomez filed a timely notice of appeal.

**B. Facts of the Offense[2]**

On May 15, 2022, police responded to a domestic disturbance in a parking lot. Victim M. Doe told police that Gomez, her former boyfriend, broke the window of her car with his fist and punched her two to three times, and that he also took her cell phone and broke it when she tried to call the police. Also at the scene was M. Doe's friend, F.H. F.H. told the police that he witnessed Gomez's conduct toward M. Doe, and that Gomez pushed F.H. against his car and took his cell phone.

## II. DISCUSSION

Gomez argues that the probation condition is unreasonable under *Lent* and that it also improperly infringes upon his Fourth Amendment rights. The Attorney General contends that the search condition is reasonable under *Lent* as a means to effectuate the no-weapons condition, and that it is constitutional because it is necessary to accomplish the domestic violence protection functions of the state.

"A condition of probation will not be held invalid unless it: (1) has no relationship to the crime of which the offender was convicted; (2) relates to conduct which is not in itself criminal; and (3) requires or forbids conduct which is not reasonably related to future criminality." (*People v. Castellanos* (2020) 51 Cal.App.5th 267, 275, citing *Lent*, *supra*, 15 Cal.3d at p. 486.) The *Lent* test is conjunctive, and all three prongs must be met before a reviewing court will invalidate a probation condition. (*People v. Moran* (2016) 1 Cal.5th 398, 403.) On appeal, we review a challenge to the reasonableness of a probation condition for an abuse of discretion, looking to whether it is " 'arbitrary or capricious' or otherwise exceeds the bounds of reason under the circumstances." (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118, quoting *People v. Olguin* (2008) 45 Cal.4th 375, 384 (*Olguin*).)

---

[2] Gomez stipulated to a factual basis for his plea. The facts are taken from Gomez's memorandum of objections to proposed probation conditions, filed October 7, 2022. The probation department did not prepare a report in this case.

Even if reasonable under *Lent*, however, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) " 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' [Citation.]" (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723 (*Appleton*).) We review de novo a constitutional challenge to probation conditions. (*Ibid.*)

Applying the *Lent* factors, Gomez argues that the condition that he submit to warrantless searches is unrelated to his current offense and his future criminality because he did not use a deadly or dangerous weapon when he assaulted the victims, broke the car window, and attempted to dissuade the witnesses. The Attorney General counters that the search condition is related to the crime because Gomez used his fist in lieu of a weapon "to break the car window and gain access to his former partner." The Attorney General additionally contends that the search condition is reasonably related to future criminality because the search condition is designed to ensure compliance with the no-weapons condition, which in turn reduces the likelihood that Gomez would use a weapon to commit a future domestic violence offense.

We disagree that the probation condition is unrelated to Gomez's current offense or his future criminality. While Gomez did not use a weapon in committing his offenses, he engaged in physical violence by using his fists and bodily force to break the car window and assault the victims. The search for weapons is thus related to his crimes due to the violent and assaultive nature of his offenses. We also determine that the search condition is tied to his future criminality. Gomez assaulted his former intimate partner by breaking the window of her car and punching her with his fists. He also threatened both

4

her and the person who witnessed his abusive conduct by taking their phones and attempting to dissuade them from contacting the police. Domestic abuse often involves patterns of escalating violence and volatility. (See *People v. Kerley* (2018) 23 Cal.App.5th 513, 535.) A condition that enables a probation officer to monitor compliance with the terms of probation—including the prohibition on possessing weapons—can aid in deterring future offenses and thus may be reasonably related to future criminality. (*Olguin*, *supra*, 45 Cal.4th at pp. 380-381.)

We also reject Gomez's contention that imposing a search condition in a case, such as this one, where no weapon was used, would eliminate the requirements of *Lent* and allow a warrantless search condition to be imposed in every felony case. The *Lent* standard requires the court to look to the facts of the case. (*People v. Bauer* (1989) 211 Cal.App.3d 937, 943; see also *In re Martinez* (1978) 86 Cal.App.3d 577, 582 [invalidating a warrantless search condition of probation because the "unique" facts of the case made the condition unreasonable].) Here, the imposition of the search condition was reasonable because of Gomez's assertion of dominion and control over his former partner by means of physical assault and the destruction of her means of communication. These facts distinguish Gomez's convictions from many other felonies which result from impulse. Here also there is evidence of an increased risk of future harm or lethality to Gomez's former girlfriend, as he assaulted her after their relationship was terminated. Gomez's conduct thus provides ample reason to curtail his access to weapons independent of the standard prohibition that attaches to every felony.

We therefore conclude that the trial court's imposition of the search condition was not an abuse of discretion under *Lent*.

Because the search condition imposes limitations on Gomez's Fourth Amendment rights, we must also consider whether the condition is closely tailored to the purpose of this restriction. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) We find that there is a close fit between the legitimate purpose of the restriction here and the burden that it imposes on

5

Gomez's constitutional rights.  (See *Appleton*, *supra*, 245 Cal.App.4th at p. 723.)  The state has a compelling interest in eliminating domestic violence (see *People v. Jungers* (2005) 127 Cal.App.4th 698, 704), and the burden imposed on Gomez's Fourth Amendment rights here is tailored to that purpose, because it gives the probation department a method for assessing his compliance with the no-weapons ban with the aim of protecting the target of his domestic violence offense.

Because we determine that the search condition is reasonable and constitutional, we need not reach Gomez's argument that we should narrow the scope of the search condition imposed by the trial court.

### III.  DISPOSITION

The judgment is affirmed.

_____

Greenwood, P. J.

WE CONCUR:

_____

Grover, J.

_____

Bromberg, J.

H050506
People v. Gomez