Filed 2/11/16  P. v. Raymundo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042080 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS142975A) |
| v. | |
| JAIME RAYMUNDO, SR., | |
| Defendant and Appellant. | |

Defendant Jaime Raymundo, Sr., pleaded nolo contendere to one count of inflicting corporal injury upon a spouse or cohabitant (Pen. Code, § 273.5, subd. (a))[1] and one count of misdemeanor child endangerment (§ 273a, subd. (b)).  The trial court suspended imposition of sentence and placed him on four years' felony probation.  On appeal, he argues that the probation condition requiring him to obtain permission from his probation officer before changing his place of residence from Monterey County or leaving the State of California is overbroad, unconstitutional, and unreasonable.  He also claims he is entitled to additional presentence credit and that this court should clarify the trial court's order regarding restitution fines.  For the reasons set forth below we modify several of his probation conditions.  As modified, we affirm the order of probation.

---

[1] Unspecified statutory references are to the Penal Code.

**BACKGROUND**

*Facts*[2]

On November 24, 2014, officers responded to a report of domestic violence at a supermarket parking lot. The victim lived with defendant. She stated that defendant had struck her on the face with car keys and had choked her after a verbal argument. She said that defendant assaulted her while he held their one-year-old son in his free arm. The victim also told officers that defendant had assaulted her in the past, but she had not reported the incidents to police. Defendant acknowledged that he had an argument with the victim but denied the assault.

*Procedural History*

On December 23, 2014, defendant was charged by information with one count of corporal injury to a cohabitant (§ 273.5, subd. (a); count 1), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2), and misdemeanor child abuse (§ 273a, subd. (a); count 3).

On February 3, 2015, the information was amended to add count 4, misdemeanor child endangerment (§ 273a, subd. (b)). Thereafter, defendant pleaded nolo contendere to inflicting corporal injury on a cohabitant and misdemeanor child endangerment. He entered his plea with the understanding that he would receive felony probation.

On March 12, 2015, the trial court suspended imposition of sentence for four years and placed defendant on formal probation under various terms and conditions. One of the conditions of probation stated: "Do not change your place of residence from Monterey County or leave the state of California without permission of the probation officer." Defendant objected to the imposition of the condition, arguing that it was overbroad and infringed upon his constitutional right of intrastate travel. He agreed that

_____

[2] Since defendant pleaded nolo contendere, we derive our facts from the probation report, which is based on a report prepared by the Salinas Police Department.

he "should give advance notice to the probation department prior to moving," but that the imposed condition "allows probation to block his movement." The court responded that it believed that defendant could seek relief from the court if he felt his rights had been infringed. Thereafter, the court stated, "If you feel that probation has infringed upon your rights to travel, the Court would be happy to entertain an application for modification of sentence to further modify or strike that sentence."

The trial court attached a three-page memorandum justifying the imposition of the change of residence probation condition to the minute order of the sentencing hearing. The memorandum asserted, broadly speaking, that the condition would allow for meaningful supervision by the probation officer and that the condition was not an unreasonable restriction on a defendant's right to travel.

The court also incorporated the terms and conditions of probation recommended in the probation report, which included: "In lieu of a fine, pay $300.00 to a Women's Shelter Program as directed by the probation officer. (P.C. § 1203.097(a)(11)(A).)" The court ordered defendant to serve 213 days in county jail and awarded him custody credit of 107 actual days and 106 days of conduct credit.

Defendant appealed.

## DISCUSSION

On appeal, defendant makes the following claims: (1) the probation condition requiring him to get permission from his probation officer before moving from Monterey County or leaving the State of California was not reasonably related to his crime and is unconstitutional, (2) he is entitled to additional presentence credit because he was in custody longer than indicated in the probation report, and (3) the order regarding the $300 fine imposed under section 1203.097, subdivision (a)(11)(A) should be clarified that the fine is meant to replace the restitution fine under section 1202.4.

3

1. *Probation Condition Requiring Permission to Move or Leave the State*

First, defendant argues that the residence condition is not reasonably related to his crime and fails the test articulated by our Supreme Court in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). He also claims that the condition is unconstitutionally overbroad. We address these claims separately.

a. **Reasonableness of the Probation Condition**

Under *Lent*, *supra*, 15 Cal.3d 481, a condition is "invalid [if] it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Id.* at p. 486.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

Preliminarily, we note that defendant's opening brief appears to attack the validity of the probation condition by asserting that it was unreasonable under the *Lent* test and because it was not narrowly tailored and therefore unconstitutionally overbroad. The *reasonableness* of a probation condition and the condition's unconstitutional *overbreadth* are different concepts.[3] Some of defendant's arguments appear to conflate these two issues.[4] Whether a probation condition is unreasonable depends on if the condition meets all the requirements set forth in *Lent*, *supra*, 15 Cal.3d 481. Whether a condition is

_____

[3] For example, defendant argues in his opening brief that "[t]he trial court's reasons for insisting on the condition [as articulated in the memorandum attached to the minute order] were inadequate because they did not relate to either [defendant] or his crime." However, this is an argument pertaining to the condition's *reasonableness*, not its *overbreadth*.

[4] In part, this confusion may arise from defendant's reliance on *People v. Bauer* (1989) 211 Cal.App.3d 937 (*Bauer*), which we discuss, *infra*, in the next section of this opinion. *Bauer* considered whether a similar probation condition was unreasonable under the *Lent* test *and* whether it was an unconstitutional infringement on the defendant's rights. (*Id.* at pp. 943-945.)

unconstitutionally overbroad depends on if the condition impinges on a constitutional right and is not narrowly tailored and reasonably related to a compelling state interest. (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153 (*E.O.*).)

As a general rule, failure to object to a probation condition on the grounds that it is unreasonable under *Lent* waives the claim of error on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 237.) Here, defendant objected to the imposition of the probation condition, but *not* on the grounds that it was not reasonably related to his crime. Rather, he objected on the grounds that the condition was an "overbroad term" and that it "infringe[d] on his constitutional right of intrastate travel." Accordingly, we find that defendant has waived any challenges to the reasonableness of the condition, since he failed to raise an objection on that ground below.

b. **Overbreadth**[5]

Defendant, however, has not waived his claims regarding the constitutionality of the probation condition. On appeal, we review the constitutionality of a probation condition de novo. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

A probation condition cannot be overbroad or vague, it " ' "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated . . . ." ' " (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753.) "A restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.]

---

[5] Although neither party acknowledges this, the California Supreme Court is presently considering the constitutionality of a similarly worded probation condition in *People v. Schaeffer* (2012) 208 Cal.App.4th 1, review granted October 31, 2012, S205260. The condition at issue there required the defendant to " '[r]eside at a residence by the Probation Officer and not move without his/her prior approval.' " (*Id.* at p. 4.)

5

The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*E.O.*, *supra*, 188 Cal.App.4th at p. 1153.)

In part, defendant relies on *Bauer*, *supra*, 211 Cal.App.3d 937. In *Bauer*, the defendant challenged a term of probation requiring that he obtain his probation officer's approval of his residence. (*Id*. at p. 940.) The *Bauer* court found that based on the facts of the defendant's case, the imposed condition was not reasonable and failed to satisfy the test set forth in *Lent*, *supra*, 15 Cal.3d 481. (*Bauer*, *supra*, at p. 944.)

*Bauer* further noted that the condition was "all the more disturbing because it impinges on constitutional entitlements—the right to travel and freedom of association. Rather than being narrowly tailored to interfere as little as possible with these important rights, the restriction is extremely broad. The condition gives the probation officer the discretionary power, for example, to forbid appellant from living with or near his parents—that is, the power to banish him. It has frequently been held that a sentencing court does not have this power." (*Bauer*, *supra*, 211 Cal.App.3d at p. 944.)

There is a difference between the condition contemplated in *Bauer* and the one imposed in this case. The condition contemplated in *Bauer* required the probationer to obtain his probation officer's approval of his residence. Therefore, the probation officer in *Bauer* could conceivably disapprove of the probationer's residence, forcing him to move. Here, the condition requires defendant to obtain his probation officer's approval before he can *change* his residence or *leave* the state. Unlike *Bauer*, defendant is not subjected to a risk of banishment.

As the trial court acknowledged in its memorandum, the condition is reasonably related to the state's interest in reformation and rehabilitation, because it would facilitate

6

the effective supervision of probationers and the ability of the court to ensure that the probationer is able to receive adequate services wherever he or she decides to move.[6] We agree that this is a compelling state purpose.

The issue is whether the condition is narrowly tailored. Courts may leave "many details that invariably are necessary to implement the terms of probation" to a probation officer. (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359.) However, they should not grant a probation officer "unfettered discretion." (*People v. Leon* (2010) 181 Cal.App.4th 943, 953.)

The probation condition at issue here provides the probation officer without standards to guide their decisions to either approve or disapprove a defendant's request for a change of residence or for travel out of state. The trial court offered to ameliorate this concern by stating, "If you feel that probation has infringed upon your rights to travel, the Court would be happy to entertain an application for modification of sentence to further modify or strike that sentence." We do not believe this is sufficient and find that modification of the probation condition is necessary. The condition is modified to read: "Do not change your place of residence from Monterey County or leave the state of California without permission of the probation officer *or of the court*." As modified, we find the probation condition to be sufficiently tailored to the compelling state interest.

2. *Presentence Credit*

Next, defendant argues that he is entitled to an additional three days of presentence credit, because he was in custody between November 24, 2014 and March 12, 2015 (a total of 109 actual days). He points out that the probation report incorrectly stated that he was in custody between November 24, 2014, and March 10, 2015. The People concede

---

[6] We decline to express an opinion on the trial court's conclusion, as set forth in the memorandum attached to the sentencing minute order, that the probation condition is statutorily compelled.

this issue, and we find the concession appropriate. Pursuant to section 2900.5, subdivision (a), a defendant is entitled to presentence credit for all days spent in custody. Section 4019, subdivision (f) further provides that a defendant shall receive conduct credit consisting of two days for every two days of actual custody. We therefore modify the trial court's order to award defendant an additional three days of presentence credit, consisting of two days of actual custody and one day of conduct credit.

3. *Modification of the Order Regarding Fines*

Lastly, defendant argues that the trial court's order regarding fines is confusing and should be clarified. He notes that the trial court imposed as a condition of probation: "In lieu of a fine, pay $300.00 to a Women's Shelter Program as directed by the probation officer. (P.C. § 1203.097(a)(11)(A).)" He claims that the only other $300 fine imposed on defendant was the felony portion of the restitution fund fine imposed under section 1202.4. To provide clarification, defendant suggests that we strike the felony portion of the $300 restitution fund fine under section 1202.4 and clarify that the $300 fine imposed under section 1203.097, subdivision (a)(11)(A) was imposed in lieu of that fine.

Out of an abundance of caution, we will adopt defendant's recommendations. Section 1203.097, subdivision (a)(11)(A), provides that for crimes of domestic violence, the conditions of probation "may include, in lieu of a fine, but not in lieu of the fund payment required under [section 1203.097, subdivision (a),] paragraph 5, one or more of the following requirements: [¶] (A) That the defendant make payments to a battered women's shelter, up to a maximum of five thousand dollars ($5,000)." The court directed defendant to pay $300 under section 1203.097 "[i]n lieu of a fine," but did not specify what fine.

Further, the minute order imposed a *total* restitution fund fine of $450, which consisted of $300 imposed for defendant's felony and $150 imposed for defendant's

8

misdemeanor.[7]  However, the minute order did not contain a detailed breakdown of the aggregate restitution fund fine imposed under section 1202.4, only directing defendant to pay a $450 fine.  Accordingly, we agree with defendant that clarification is necessary and modify the probation condition as requested.

**DISPOSITION**

The following conditions of probation from the trial court's March 12, 2015 minute order are modified as follows:

Condition No. 3:  "Do not change your place of residence from Monterey County or leave the state of California without permission of the probation officer or of the court."

Condition No. 6:  "Pay a restitution fine of $150 to the State Restitution Fund for Count 4.  (Pen. Code, § 1202.4, subd. (b).)"

Condition No. 7:  "In lieu of a restitution fund fine (Pen. Code, § 1202.4) of $300 for Count 1, pay $300 to a Women's Shelter Program as directed by the probation officer.  (Pen. Code, § 1203.097, subd. (a)(11)(A).)"

As modified, the order granting probation is affirmed.

---

[7] The court adopted the probation report's recommendations, which included that defendant be required to pay a $300 restitution fine for the felony count and a $150 fine for the misdemeanor count.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.


People v. Raymundo
H042080