Filed 3/7/16  P. v. Ayala CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061947 |
| v. | (Super.Ct.Nos. RIF1201379 and RIF1409704) |
| BENJAMIN AYALA, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge. Affirmed in part; reversed in part with directions.

Helen S. Irza, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Kristen Chenelia, Parag Agrawal and Kristen A. Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Benjamin Ayala appeals following his plea of guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and transportation of methamphetamine for sale (Health & Saf. Code, § 11379, subd (a)), and his admission of associated prior allegations (Health & Saf. Code, § 11370.2, subd. (c), Pen. Code, § 667.5, subd. (b)).

Defendant contends the booking fee imposed must be stricken because the trial court did not orally pronounce it at sentencing. He further asserts that a condition of his mandatory supervision limiting him to a residence approved by the probation officer violates his constitutional rights to travel and free association. In his reply brief, defendant asserts for the first time that the booking fee violated constitutional equal protection principles, in that defendants who are criminally convicted are similarly situated with regard to booking fees regardless of whether they were arrested by a city, county, or other law enforcement agency.

We reverse the order imposing the booking fee, and we remand for further proceedings on the issue. We find no other error and, in all other respects, we affirm the judgment.

FACTS AND PROCEDURAL BACKGROUND

On March 16, 2012, in case No. RIF1201379, defendant pled guilty to possession of methamphetamine (Health & Saf. Code, 11377, subd. (a)) and admitted four prison priors (Pen. Code, § 667.5, subd. (b)). The trial court advised defendant that his exposure would be eight years in state prison; however, the court suspended criminal proceedings,

granted formal probation for 36 months, and accepted defendant into a substance abuse program under Proposition 36.

On July 23, 2014, a complaint and petition to revoke probation pursuant to Penal Code section 1203.2, subdivision (b) was filed in case No. RIF1201379. Defendant was charged with one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and six prior prison term allegations (Pen. Code, § 667.5, subd. (b)).

On the same date, a second complaint and petition to revoke probation was filed in case No. RIF1409704. Defendant was charged with one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and six prior prison term allegations (Pen. Code, § 667.5, subd. (b)).

On July 24, 2014, in case No. RIF1409704, defendant pled guilty to the amended charge of transporting methamphetamine for sale (Health & Saf. Code, § 11379, subd (a)), and admitted a prior conviction (Health & Saf. Code, §§ 11379.6, 11370.2, subd. (c)). He also admitted that his offense was a violation of probation in case No. RIF1201379.

That same date, in case No. RIF1409704, defendant was sentenced to six years in county jail pursuant to Penal Code section 1170, subdivision (h), with two years suspended and two years of mandatory supervision. In case No. RIF1201379, defendant was sentenced to 16 months in county jail to be served concurrently to case No. RIF1409704.

Additional facts are set forth in the discussion of the issues to which they pertain.

DISCUSSION

**Booking Fee**

Defendant contends the booking fee in case No. RIF1409704 must be stricken because the trial court did not orally pronounce it at sentencing. In his reply brief, defendant asserts for the first time that the booking fee violated constitutional equal protection principles.

*Additional Background*

In case No. RIF1409704, defendant signed a sentencing memorandum that reflected the imposition to "[p]ay booking fees of $434.08 (GC § 29550)." The sentencing memorandum stated, "THE FOLLOWING CHECKED TERMS AND CONDITIONS ARE ORDERED BY THE COURT." In signing the sentencing memorandum, defendant acknowledged, "I have read, I understand, and I accept these terms and conditions of mandatory supervision on pages one and two."

Defendant initialed the statement on his plea form, under the heading, "CONSEQUENCES OF PLEA," which stated that he would be ordered to pay a restitution fine and that "[t]here are several other fines and fees that will be imposed as a result of this guilty plea." The trial court did not pronounce or refer to any fee at the sentencing hearing, but it did impose a prison term in the county jail to be followed by "two years of mandatory supervision on the terms indicated." The minute order in case No. RIF1409704 of the sentencing hearing provides that defendant must "[p]ay booking fees of $434.08 (GC 29550)."

*Analysis*

Defendant argues that the fee award must be stricken because the trial court did not orally pronounce it at the hearing, and "[i]t is unlawful for the clerk to include fines on a sentencing order that were not expressly orally imposed by the judge. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-389.)" However, failure to impose a mandatory fee results in an unauthorized sentence that may be corrected on appeal. (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373.) Defendant concedes the court has the authority to add mandatory fees, but contends the record does not show that the fee at issue here was mandatory.

"Three statutes address defendants' payment of jail booking fees, Government Code sections 29550, 29550.1, and 29550.2. Which section applies to a given defendant depends on which governmental entity has arrested a defendant before transporting him or her to a county jail. The factors a court considers in determining whether to order the fee payment also vary depending on whether or not the court sentences the defendant to probation or prison. (See Gov. Code, §§ 29550, subd. (d)(1) & (2), 29550.1, 29550.2, subd. (a).)" (*People v. McCullough* (2013) 56 Cal.4th 589, 592.) Defendant did not receive probation; rather, he was sentenced to a term of imprisonment in county jail and to a term of mandatory supervision under Penal Code section 1170, subdivision (h). A mandatory booking fee under Government Code sections 29550.1 and 29550, subdivision (d)(2), therefore does not apply.

The People note that the complaints and petitions to revoke probation in both cases indicate "AGENCY#: P14110678/RPD." Based on those notations, the People assert that the arresting agency was the Riverside Police Department, and a booking fee was therefore mandatory under Government Code sections 29550.1 or 29550, subdivision (c).

Defendant argues that this court is not authorized to interpret the letters "RPD" as standing for the Riverside Police Department. We agree. The selection of the applicable statute is "a fact-specific determination." (*People v. McCullough*, *supra*, 56 Cal.4th at p. 592.) In the absence of some evidence of what those letters signify, we are hard-pressed to ascertain what agency performed the arrest.

Because the record on appeal does not clearly indicate what agency executed the arrest and booking of defendant, we cannot know whether a booking fee is mandatory under Government Code sections 29550.1 or 29550, subdivision (c), or discretionary under Government Code section 29550, subdivisions (a) and (d)(1). We will therefore reverse the judgment with respect to the booking fee. On remand, the trial court will determine what entity arrested defendant and which Government Code sections apply.

*Defendant Has Forfeited His Equal Protection Challenge to the Booking Fee*

As noted, defendant raised his equal protection challenge for the first time in his reply brief. "Withholding a point until the reply brief deprives the respondent of an opportunity to answer it . . . . Hence, a point raised for the first time therein is deemed waived and will not be considered, unless good reason is shown for failure to present it before. [Citations.]" (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29, fn. omitted.)

6

Defendant has shown no reason for his failure to timely raise the issue. It is therefore deemed forfeited. (*Ibid.*)

**Mandatory Supervision Condition**

Defendant contends that a condition of his mandatory supervision limiting him to a residence approved by the probation officer violates his constitutional rights to travel and free association.

*Additional Background*

Among the conditions of defendant's mandatory supervision were the following: "Inform the probation officer of your place of residence and reside at residence approved by the probation officer"; and "[g]ive written notice to the probation officer 24 hours before changing your residence and do not move without the approval of the probation officer."

*Forfeiture*

The People contend that defendant forfeited his objection to the residence condition because he did not raise any objection in the trial court.

As a general rule, a defendant must object at sentencing to the reasonableness of a probation condition before he may challenge the condition on appeal. However, an exception applies when the condition is challenged as unauthorized or in excess of the court's jurisdiction, and the issue involves a pure question of law that can be resolved without reference to the trial court record. (*People v. Welch* (1993) 5 Cal.4th 228, 235.) We will address the issue on the merits because it is easily resolved.

*Analysis*

Preliminarily, we note that the issue of the validity of a residence-approval probation condition is pending in the California Supreme Court. (*People v. Schaeffer* (2012) 208 Cal.App.4th 1, review granted Oct. 31, 2012, S205260 [Fourth Dist., Div. Two].)

Mandatory supervision operates like probation and includes the imposition of probation- and parole-like conditions. (§ 1170, subd. (h); *People v. Martinez* (2014) 226 Cal.App.4th 759, 763-764 [Fourth Dist., Div. Two].) "Trial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citations.] If it serves these dual purposes, a probation condition may impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protection as other citizens.' [Citation.] [¶] However, the trial court's discretion in setting the conditions of probation is not unbounded. A term of probation is invalid if it: '"(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality."'" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.)

"If a probation condition serves to rehabilitate and protect public safety, the condition may 'impinge upon a constitutional right otherwise enjoyed by the probationer, who is "not entitled to the same degree of constitutional protection as other citizens."' [Citation.]" (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355.) "[W]here an otherwise valid condition of probation impinges on constitutional rights, such conditions

8

must be carefully tailored, "'reasonably related to the compelling state interest in reformation and rehabilitation . . . .'" [Citations.]" (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942 (*Bauer*).)

In *Bauer*, upon which defendant relies, the court struck a residence-approval condition, which seemed designed to prevent the defendant from living with his parents because they were overprotective. Nothing in the record suggested that the defendant's home life contributed to the crimes of which he was convicted (false imprisonment and simple assault), or that his home life was reasonably related to future criminality. (*Bauer*, *supra*, 211 Cal.App.3d at p. 944.) The court concluded that the residence approval condition impinged on the right to travel and freedom of association, and it was extremely broad since it gave the probation officer the power to forbid the defendant from living with or near his parents. (*Ibid.*)

The present case is distinguishable from *Bauer*. Defendant pled guilty to possessing methamphetamine and transporting methamphetamine for sale. Further, he admitted prior drug convictions and that the offenses violated his probation. Defendant had an extensive history of prior drug-related convictions, including possession and transportation of controlled substances. Under these circumstances, where he lives may directly affect his rehabilitation. For example, without any limitations, he could choose to live in a residence where drugs are used or sold. Thus, the state's interest in defendant's rehabilitation is properly served by the residence-approval condition. Moreover, probation conditions "should be given 'the meaning that would appear to a reasonable, objective reader.'" (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) We

9

presume a probation officer will not withhold approval of a residence for an irrational or capricious reason.  (*Id.* at p. 383.)

We conclude that the trial court did not abuse its discretion in imposing the conditions that defendant, as a term of his mandatory supervision, reside at a residence approved by the probation officer and not move without the officer's prior approval.

## DISPOSITION

The booking fee imposed in case No. RIF1409704 is reversed, and the superior court is directed to determine whether and in what amount to impose a booking fee.

In all other respects, the judgments are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER _____

J.

We concur:


HOLLENHORST _____

Acting P. J.


CODRINGTON _____

J.

10